Patricia N. DEGENER, Plaintiff-Appellant,

v.

William Glenn DEGENER, Defendant-Respondent.

Nos. 34015, 33983 and 33984.

Missouri Court of Appeals, St. Louis District.

Feb. 22, 1972.

Motion for Rehearing or to Transfer to Supreme Court Denied March 23, 1972.

Application to Transfer Denied May 8, 1972.

Murphy & Kortenhof, St. Louis, for plaintiff-appellant.

Edwin G. Shifrin, St. Louis, for defendant-respondent.

SMITH, Judge.

This matter reaches us on consolidated cross-appeals following the trial court's ruling on cross-motions to modify a divorce decree. The husband-defendant appeals from the court's action in (1) increasing the child support from $70 per month for each of three children to $75 per week, (2) increasing the wife's alimony from $63.50 per month to $75 per month, and (3) in refusing to reduce the alimony below the $63.50 amount. Plaintiff-wife appeals from the trial court's action in (1) not increasing the alimony more, (2) in not allowing a larger attorney's fee, and (3) in refusing attorney's fees on appeal.

At the time of the divorce in June, 1967 the defendant was employed as a teacher at Country Day School (a private school) at an annual salary of $9,600. Plaintiff's total income at the time was $3,000. Because of his position at Country Day the two boys[1] received full tuition scholarships to that school. The daughter attended Community School (also a private school), also on a full scholarship as a result of a working arrangement between certain private schools respecting the children of teachers. In September, 1969 defendant took a year's leave of absence without pay to attend New York University to obtain a Master's Degree. His annual salary at that time was $10,400. Although he anticipated returning to Country Day at the time he took the leave of absence, he changed his plans, and at the end of the year of schooling accepted a job at a private school in New Jersey at a salary of $10,000 per year. As a result of the cessation of his employment at Country Day School the scholarships are no longer available.[2] As tried by the parties and indicated by the court in its rulings it is this reduction in scholarships or, conversely, increase in expense of education which formed the main basis for the plaintiff's request for modification of support and the court's award of the increased amount.

As modified, the decree requires the defendant to provide $11,700 annually for the support of his children and $900 for plaintiff, or a total of $12,600. His total annual income from all sources is approximately $10,500.

Since the divorce the plaintiff has obtained fulltime employment as a writer for a newspaper at an annual salary of $10,140. Her evidence indicated that the living expenses for herself and the four children were approximately $600 per month at the time of divorce and at the time of hearing had increased to approximately $800 per month for herself and the three children exclusive of school tuition.

1. At the time of divorce there were four children receiving child support. One has now attained majority and so is not involved.

2. We were advised at oral argument that partial scholarships had been awarded the boys. With the partial scholarships the cost to the wife of the three children's private education is $4,500 per year. The daughter has completed the sixth grade at Community School, the last grade offered there. She is now attending John Burroughs, also a private school, and would be entitled to a scholarship there if defendant were still teaching at Country Day.

Defendant financed his year of schooling in New York as well as his support obligations during that period by utilizing certain capital which he had at the time of divorce. The portion of that capital available to him at the time of divorce was approximately $58,000 and at the time of hearing approximately $22,000 remained.[3]

Not surprisingly, considering the amounts involved, the main dispute hinges around the child support award. Plaintiff justifies the amount of the award on the basis that (1) defendant originally desired the private school education for his children, and (2) the children should not now be forced out of their private school environment, and (3) the reason for the loss of the scholarships was defendant's voluntary act in leaving the employ of Country Day. Granting all three are true, it still does not warrant the decree entered by the court.

■ The courts of this state have recognized on occasion that private school education may be a valid item of support. But always such recognition is upon the express condition that it is within the means of the person providing support. In Mathews v. Mathews, Mo.App., 337 S.W.2d 529, 1. c. 534, such award was based on a finding "that he was able to pay her tuition without hardship." In Jenks v. Jenks, Mo.App., 385 S.W.2d 370, 378 [12, 13], we approved such education "when it appears that the child is being afforded an education reasonably adapted to her capacity and aptitude, at an accredited institution of the general class to which other children of her background and *means* have access." (Emphasis supplied.)

■ But we are cited to, and have found, no authority which treats private school education as a vested right to be provided by the father regardless of his ability to do so. Simply stated, the evidence does not establish the defendant's financial ability to provide such education. His ability before the divorce and until he left Country Day was a bonus from this employment but it was not the result of his financial ability to provide such education.

Nor do we find that such a bonus can have the effect of locking the father into one job until his children have completed their education. His actions in seeking greater education and his subsequent decision to relocate in the East were not shown to be in bad faith or for the purpose of depriving his family of support. He had the financial wherewithal to support himself and his family during the year without pay and he did so. His relocation in the East was in part based upon a continuing friction with plaintiff which he felt detrimental to the children and in part because of family and friends of his new wife living in New York.

It is apparent that defendant does not now have, and never has had, the financial earning capacity to *pay* for private education for his children. We do not find any clear evidence showing a substantial increase in the expenses of raising the children (as contrasted to increased expenses the wife has incurred for herself) other than the tuition cost. There was insufficient evidence to warrant a modification of the support for the children and the award made was clearly erroneous.

■ We also find no basis for increasing the wife's alimony. Her income has risen approximately $7,000 since the divorce and any increase in her expenses is more than balanced by this added income. Nor do we believe the amount of alimony should be reduced. The original alimony award was apparently intended to cover the defendant's share of the mortgage payments on the jointly owned property. That situation has not changed and we see nothing unfair about defendant contributing his share to the increasing equity in the property.

■ Our review is de novo but we are admonished to reverse a decision only

---

3. Some of the original capital was used to pay off debts incurred after the divorce.

if clearly erroneous. Civil Rule 73.01(d), V.A.M.R. This makes the attorney's fee situation something of an anomaly. The award of such fees and the amount is largely discretionary and we do not interfere unless the discretion is abused. Here the annual earnings of the parties were nearly identical. The evidence showed that defendant had available capital which plaintiff didn't have. The two applications for plaintiff's suit money and attorney's fees (on the motion to modify and for appeal) were heard by different circuit judges. The application on the motion to modify was granted and allowance was made to plaintiff in the amount of $350. Plaintiff claims this should be increased. We can find neither an abuse of discretion nor clear error in the amount awarded and will not disturb it. Defendant has not attacked the allowance. Plaintiff's income and expenses were sufficiently close together to permit a conclusion that she was not reasonably able to bear the expense of the litigation and that defendant had sufficient cash available to bear such expense. On the other hand the evidence was not so compelling as to demand that result in view of the equality of earnings of the parties. The trial judges reached opposite decisions on the facts before them but we cannot say the facts are so compelling either way that one of them necessarily abused his discretion. We therefore can convict neither of error.

The parties are agreed that remand is unnecessary here and we agree. The judgment of the court on plaintiff's petition for modification of the divorce decree is reversed except to the extent it terminates support for the child who has attained majority. The judgment of the court denying defendant's motion to modify is affirmed. The judgment of the trial court allowing plaintiff attorney's fees in the amount of $350 is affirmed. The order of the trial court denying plaintiff attorney's fees and suit money on appeal is affirmed.

PER CURIAM:

The foregoing opinion by SMITH, J., a commissioner when the case was submitted to the Court, is adopted as the opinion of this Court. Accordingly, the judgment of the court on plaintiff's petition for modification of the divorce decree is reversed except to the extent it terminates support for the child who has attained majority. The judgment of the trial court denying defendant's motion to modify is affirmed. The judgment of the trial court allowing plaintiff attorney's fees in the amount of $350 is affirmed. The order of the trial court denying plaintiff attorney's fees and suit money on appeal is affirmed.

BRADY, C. J., DOWD, J., and LACKLAND H. BLOOM, Special Judge, concur.