In re MARRIAGE OF Marie A. ZIM-
MERMAN, Respondent-Appellant,

and

Albert M. Zimmerman,
Appellant-Respondent.

Nos. 40014, 40235.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 4, 1979.

Ray A. Gerritzen, St. Louis, for respon-
dent-appellant.

Norman A. Selner, Selner, Hyatt & Glas-
er, Clayton, for appellant-respondent.

CRIST, Judge.

Modification of divorce decree.

The parties were divorced in 1973. Moth-
er was awarded custody and child support
for the three children of the marriage. Fa-
ther was awarded two weeks temporary
custody during the children's summer vaca-
tion. Both parties now seek modification.

In this proceeding to modify, mother re-
quested and the court below ordered, *inter
alia*: (1) increased child support (Mother
requested an increase from $20.00 to $50.00
per week but the court ordered an increase
to $35.00 per week.); and (2) attorney's fees
and suit money for the modification pro-
ceeding below. The court below denied
mother attorney's fees and costs for the
appeal. She appeals.

Father requested and the court below
denied, *inter alia,* increased temporary cus-
tody of 30 days during the children's sum-
mer vacation. He appeals from this ruling
and from the award of increased child sup-
port and attorney's fees and suit money.
We affirm on both appeals.

■ Father concedes that it requires
more money to support the children now
than it did at the time of the divorce, but
contends that in light of all the facts the
$20.00 per week order is not unreasonable.

He contends mother did not bear her burden of showing such a change in circumstances as to make the prior order unreasonable, citing *Seelig v. Seelig*, 540 S.W.2d 142, 145[1–2] (Mo.App.1976). We defer to the court below. There was evidence that the children were older and had increased expenses, that the cost of living had increased, that father had accumulated savings while mother had not, etc. We find no error. *In re Marriage of Engelhardt*, 552 S.W.2d 356, 358[4] (Mo.App.1977); Section 452.370(1), RSMo 1978.

■ As noted above, father also contends the court below erred in awarding mother $1,200.00 in attorney's fees and suit money. Suffice it to say that the evidence supported a finding that mother had the greater need and father had sufficient financial resources with which to pay the attorney's fees and suit money for the proceeding below. *Barnhill v. Barnhill*, 547 S.W.2d 858, 860 (Mo.App.1977); Section 452.355, RSMo 1978.

■ Father now lives in California with his second wife. As noted above, he requested 30 days temporary custody, but the court below gave him two weeks. We find that the order of the court below considers the best interests of the children. There was evidence tending to show the children might be unsupervised for substantial periods of time during the later part of the requested 30 days. We find no error. *In re Marriage of Powers*, 527 S.W.2d 949 (Mo. App.1975).

■ Finally, mother contends father should pay for attorney's fees and costs of appeal. The trial court thought otherwise. We will defer to the discretion of the trial court. *In re Marriage of Frankel*, 550 S.W.2d 896 (Mo.App.1977).

The judgment is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976). An extended opinion would have no precedential value.

The judgment of the court below is affirmed in accordance with Rule 84.16(b).

REINHARD, P. J., and GUNN, J., concur.