**In re The Marriage of James Jensen DePEW, Petitioner,**

**and**

**Nancy Lee Fultz, formerly Nancy Lee DePew, Joint Petitioner.**

No. 41214.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 6, 1979.

Charles W. Niedner, St. Charles, for petitioner.

Leroy M. Steiner, St. Louis, for joint petitioner.

CRIST, Judge.

Modification of child support.

The marriage of the parties was dissolved in 1975. Mother was awarded custody and child support for the children of the marriage. Mother sought an increase in child support in the court below; father sought a decrease. The court increased child support payments from $25.00 per week per child to $45.00 per week per child for each of three children. Father appeals. We affirm.

Father contends there was a lack of substantial evidence to support findings of generally increased needs and unusual medical, dental, and orthodontic expenses of the children. He also contends the findings of unusual medical and dental expenses and increased earnings on his part are against the weight of the evidence. Finally, he contends the court below erroneously applied the law in increasing child support on the basis that mother was awarded insufficient child support at the time of the dissolution.

A minor child is legally entitled to reasonable support, both mental and physical, from each of his or her parents. The paramount concern of a court in all child support cases is the need of the child. The questions of the amount of this required support and the ability of each parent to provide such support rests primarily with the trial court. We defer to the court below.

There was evidence that the children were older and had increased living expenses. Mother testified to increase in food, clothing, medical, dental, recreational, and other expenses. There was evidence that the cost of living had increased, and that father had increased income. If true, these facts support the increased award. *In re Marriage of Engelhardt*, 552 S.W.2d 356, 358 (Mo.App.1977). The order of the court below gives no indication that it was based on a finding of insufficient child support awarded at the time of the dissolution.

The judgment is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976). An extended opinion would have no precedential value.

The judgment of the court below is affirmed in accordance with Rule 84.16(b).

DOWD, P. J., and REINHARD, J., concur.