**Patricia P. MILLER, Appellant,**

v.

**Frank D. MILLER, Respondent.**

**No. WD 30800.**

Missouri Court of Appeals,
Western District.

May 5, 1980.

M. Randall Vanet, Kansas City, for appellant.

Joseph Y. DeCuyper, Hsiang-Lin Lee, Snowden & DeCuyper, Kansas City, for respondent.

Before KENNEDY, P. J., and PRITCHARD and SWOFFORD, JJ.

SWOFFORD, Judge.

This is an appeal from a judgment entered on appellant's (mother's) motion to modify a child support award.

The record discloses that the mother and respondent (father) were divorced on April 30, 1970, and the mother was awarded custody of the four minor children born of the marriage, and the father was ordered to pay $300.00 per month child support. On July 31, 1973, this support award was raised upon motion to modify to $600.00 per month for the support of the four children. On June 12, 1978, the mother again filed a motion to modify and increase the child support award of July 31, 1973 alleging a substantial change of conditions. The father also filed a motion to dismiss the mother's motion to modify and filed his own motion to modify the award of July 31, 1973, in which he asked that he be relieved from his obligation to support Robin and Ross, two of the children, and make a fair and reasonable award for support for Sarah and Dwight, the other children. The minor son, Ross, was conceded by the appellant to be emancipated, and at the time of the hearing on these motions, Robin was 20 years of age, Sarah was 18, and Dwight was 16 years old.

A hearing was had in the court below on January 10, 1979, and on February 20, 1979 a judgment was entered below. The court ordered that the father pay to the mother the sum of $700.00 a month for the support of the children Sarah and Dwight, commencing January 10, 1979. It was further ordered that the father pay to the mother the sum of $250.00 per month from January 10, 1979 to March 13, 1979 for the support of the son Robin, who would attain majority on the latter date.

It was from this judgment of February 20, 1979 that the mother appeals to this Court. She raises two points of error, namely: 1) that the amounts awarded as support for the three children were grossly inadequate and constituted a manifest abuse of discretion by the trial court; and 2) the trial court erred in commencing the child support payments effective January 10, 1979 (the date of the hearing) instead of June 12, 1978 (the date of the filing of her motion to modify) and that such constituted a manifest abuse of discretion. These points of error require a review of the evidence which, in addition to the facts above stated, in summary is as follows:

It was stipulated as a fact that the respondent-father was possessed of sufficient income and assets to pay whatever sum in child support the court might award for the reasonable needs of the children taking into consideration all the other relevant factors provided by law. In view of this agreement there was no showing as to his personal living situation or living expenses.

It was shown, however, that he had interests in several corporations and that his income for 1972 was $34,839.00 and had increased by 1977 to $148,389.00. His net worth was shown in 1973 to be $58,000.00, book value, and $606,000.00, fair market value, and that his net worth had increased by 1978 to $1,402,000.00.

The appellant-mother was 42 years of age. She had a Master's degree in Counseling and Guidance, and was attending classes at UMKC, working for her doctorate. She was employed at an annual salary of $11,000.00 before she re-entered school for her doctorate work, and was working part-time while attending school for $150.00 per month. Her net income per month at the time of the hearing was $1,156.65 and her net worth was shown to have increased from $125,955.58 in 1973 to $198,686.16 in 1978.

It was shown in detail that appellant had computed the cost of housing, utilities, food, etc., and that had she had attributed ¾ths of that cost to the three children, that the sum so attributable was $1,687.85. The father raised some questions about some of the items, but stated, "I cannot tell you if

any of them are frivolous; and certainly I do not think any of them are unnecessary".

Further detailed discussion of the financial evidence before the court below would add nothing to this opinion and be of no precedential value.

The scope of our review is now clearly defined by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976) and many cases following the mandate therein. The court in *Carron* construed the provisions of Rule 73.-01:

"to mean that the decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law."

Our review under the *Murphy v. Carron* doctrine is further defined and focused by Section 452.340 RSMo 1978, which provides in part:

" * * * the court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable or necessary for his support. * * * after considering all relevant factors including: (1) the father's primary responsibility for support of his child; (2) the financial resources of the child; (3) the financial resources of the custodial parent; (4) the standard of living the child would have enjoyed had the marriage not been dissolved; (5) the physical and emotional condition of the child, and his educational needs; and (6) the financial resources and needs of the non-custodial parent."

■ It is well established that the award of child support is a matter properly within the sound discretion of the trial court subject to consideration of all relevant factors including those contained in Section 452.340 RSMo 1978. *Brueggmann v. Brueggmann*, 551 S.W.2d 853, 859 [9] (Mo.App.1977); *S——— v. S———*, 514 S.W.2d 1, 8 (Mo.App. 1974); *Fugate v. Fugate*, 510 S.W.2d 705, 706 (Mo.App.1974).

■ The record clearly shows that under the financial mandates of Section 452.340, supra, as applied to the criteria of *Murphy v. Carron*, the trial court did not abuse its discretion in awarding the child support here involved, and that its finding was supported by substantial evidence and properly applied the law. Appellant's complaint that such award was grossly inadequate and constituted a manifest abuse of discretion as contained in her first Point, is without merit under this record.

In *Brown v. Brown*, 537 S.W.2d 434 (Mo. App.1976), the court held that the determination of the effective date of the decree, at a given time subsequent to the date of filing, is a matter within the discretion of the trial court. In that case, which seems to be the only Missouri case on the issue, the appellate court held the trial court did not abuse its discretion in not providing that the decree be effective from the date of filing. However, on review, the judgment of the trial court was modified to become effective at the date of the hearing rather than the date the judgment was entered.

Appellant in the instant case argues, unlike *Brown*, the evidence presented at the hearing reflects the changed condition as of the date of filing as well as the date of hearing; and therefore, the award should take effect on the filing date.

■ Even if appellant's assertion were true as to the evidence reflecting the conditions at the time of filing as well as at the time of the hearing, on a matter of discretion we defer to the trial court absent a clear abuse of discretion. The record does not show, as appellant suggests, that respondent slowed down or purposely delayed the proceedings of this case, and there is no other evidence that indicates the trial court abused its discretion.

The appellant's second Point is without merit.

The judgment is accordingly affirmed.

All concur.