Mary D. STITT, Appellant,

v.

Charles L. STITT, Respondent.

No. WD 32229.

Missouri Court of Appeals,
Western District.

June 2, 1981.

Arther A. Benson, II, Kansas City, for appellant.

Charles L. Stitt, Kansas City, pro se.

Before TURNAGE, P. J., and MANFORD and KENNEDY, JJ.

MANFORD, Judge.

Modification of dissolution decree.

The marriage of the parties was dissolved on September 28, 1976. Appellant was awarded custody of the two minor sons (now 14 and 11 years of age). The original decree ordered respondent to pay the sum of $200.00 per month per child. The decree was modified on August 28, 1978, increasing child support to $255.00 per month per child.

In this proceeding, appellant seeks additional modification, requesting (1) additional child support because of inflation and additional educational expenses; (2) that respondent be ordered to pay appellant's attorney's fees and costs; and (3) that said increase in child support be made retroactive to July 1, 1980. The circuit court awarded an increase of $45.00 per month in child support for the older minor son. This increased the child support to $300.00 per month for that child. The court denied all other relief and the mother appealed.

Although appellant presents broad and general allegations of increased costs to support the two minor children, the real issue in this proceeding emanates from appellant's enrollment of the older son in a local private school. Appellant testified that the older son became bored with public school, his academic achievement had deteriorated and that conditions of the private school were more favorable than those of local public schools. She added that because of the enrollment, she incurred an additional $1,800.00 (representing tuition) in expenses for the child.

Appellant is a physical therapist with an income in excess of $20,000 per year. Respondent is an associate circuit judge with an annual gross income of $38,500. The evidence upon this record shows that the placement of the older child in the private school was unilateral. This court does not consider purported evidence outside the record. Appellant tendered a letter to the court which presumably indicated that respondent had agreed to the placement. That letter runs contrary to respondent's position at trial, contesting the increased sum.

On this appeal, appellant attacks the circuit judge's wording in his judgment entry. The particular part reads:

"5. That the expenses incurred by petitioner for the education of the minor child born of the marriage M_____ at the B_____ School in the amount of One Thousand Eight Hundred Thirty-Seven Dollars and Forty Cents ($1,837.40) are not chargeable to respondent and are not taken into consideration by this court."

Appellant contends that the above statement was a misapplication of the law by arguing that the circuit judge determined educational expenses incurred by appellant on behalf of the minor child were not chargeable to respondent. She argues that educational expenses are a chargeable cost in the award of child support, and correctly asserts that our courts will require a noncustodial parent to help meet the reasonable needs (including educational costs) of children born of the marriage.

The above language employed by the circuit court is a misstatement of the law as appellant alleges, but under the facts and circumstances herein, the circuit court reached the correct result.

This is not a case where either child and specifically, the older child, is being deprived of the necessities of life, including adequate education. The issue stems from appellant's enrolling the older son in a private school. This court passes no judgment upon appellant's motives or the excellent educational facility wherein the child was enrolled. That is not the issue before this court.

In order that modification be sustained, there must be a showing of a substantial change of condition, § 452.370(1), RSMo 1978, and the burden of proving same is upon the movant, *Kieffer v. Kief-*

*fer*, 590 S.W.2d 915 (Mo.banc 1979). The determination of the issue rests primarily within the sound discretion of the trial court, *In re Marriage of DePew*, 590 S.W.2d 404 (Mo.App.1979); *Guignon v. Guignon*, 579 S.W.2d 664 (Mo.App.1979) and *Barnhill v. Barnhill*, 547 S.W.2d 858 (Mo.App.1977).

 Our courts have recognized that the cost of education is a proper factor in awarding child support, *Anderson v. Anderson*, 437 S.W.2d 704 (Mo.App.1969) and § 452.340(5), RSMo 1978, and that provision for private school may be a valid item of support, *Degener v. Degener*, 478 S.W.2d 687 (Mo.App.1972); *Nelson v. Nelson*, 357 S.W.2d 223 (Mo.App.1962). However, recognition of costs for private education is subject to the condition that such private education is within the financial means of the person providing support, *Sunderwirth v. Williams*, 553 S.W.2d 889 (Mo.App.1977) and *Degener, supra.*

 This court will not, under its authority of review, set aside a judgment upon what might be construed as an incorrect declaration of the law if the judgment is otherwise correct, *Lalumondier v. County Court of St. Francois County*, 588 S.W.2d 197 (Mo.App.1979) and *Gross v. Gross*, 557 S.W.2d 448 (Mo.App.1977). Pursuant to Rule 84.14, this court will, wherever possible, dispose of a cause based upon the rule and the policy in support thereof which declares, "The chief concern of this Court on such an appeal is the correctness of the result below and not the route by which it is reached," see *Kenilworth Ins. Co. v. Cole*, 587 S.W.2d 93, 96 (Mo.App.1979).

The ability of respondent to pay child support beyond the order entered was not established. The determination of these issues lies within the discretion of the circuit court and will not be disturbed unless there is a showing of an abuse thereof, see *Guignon* and *Barnhill, supra.* Within that discretion lies the option to reject or accept evidence on the issue, *Oberkrom v. Oberkrom*, 608 S.W.2d 449 (Mo.App.1980).

The disposition of the instant child support issue shows a conscientious effort by the circuit judge to balance the equities. Review of the evidence regarding respondent's ability to pay the costs of private education supports the circuit court's ordered increase of $45.00 per month for the older child.

 Appellant's allegation that the circuit court improperly declared the law regarding the educational needs of the older minor son is correct, but it does not, under the facts and circumstances herein, afford appellant relief because the circuit court reached the correct result. Point (1) is ruled against appellant.

 In her second point of error, appellant alleges that the circuit court erred in refusing to award her attorney fees. Appellant argues that such finding was against the weight of the evidence and amounted to an abuse of the circuit court's discretion. It is correct that the award of attorney's fees depends largely upon the relative economic position of the parties, but the circuit court must and does have broad discretion in such matters, *N.J.W. v. W.E.W.*, 584 S.W.2d 148 (Mo.App.1979). In the context of our dissolution statute, circuit courts are not bound by counsel's testimony regarding the claimed value of their services. *In re Marriage of Brewer*, 592 S.W.2d 529 (Mo.App.1979) and *Hopkins v. Hopkins*, 591 S.W.2d 716 (Mo.App.1979).

 Under the facts and circumstances of the instant proceedings, nothing mandates this court to do anything other than to defer the issue of attorney's fees to the discretion of the circuit court, *In re Zimmerman*, 592 S.W.2d 171 (Mo.App.1979). The circuit court's finding was not against the weight of the evidence, nor does the record reveal any abuse of discretion by the circuit court. Appellant's point (2) is found to be without merit and is ruled against her.

In her final contention of error, appellant argues that the circuit court erred in failing to make the award of increased child support retroactive to July 1, 1980. Appellant argues that § 452.370(1) permits modification of a dissolution decree subsequent to

the filing date of the motion to modify. In contrast, respondent argues that § 452.-370(1) does not require such awards be made retroactive to the date of the filing of the motion.

There appears to be a split of authority on the issue of retroactivity of child support awards and whether the effective date is the date the motion was filed or the date the hearing was conducted by the circuit court. For a recent discussion without deciding this issue, see *Feese v. Feese*, 613 S.W.2d 882 (Mo.App.1981).[1] In *Feese*, it was pointed out that our courts have directly or indirectly held that a modification under § 452.370 may be effective as early as the filing date of the motion, citing *Brown v. Brown*, 537 S.W.2d 434 (Mo.App.1976); *Hallums v. Hallums*, 585 S.W.2d 226 (Mo. App.1979) and *Miller v. Miller*, 599 S.W.2d 237 (Mo.App.1980). *Brown, Hallums*, and *Miller* contrast cases holding directly or indirectly that modifications may be effective as of the date of the hearing, see *LoPiccolo v. LoPiccolo*, 581 S.W.2d 421 (Mo.App.1979); *Seelig v. Seelig*, 540 S.W.2d 142 (Mo.App. 1976); *Swift v. Leonard*, 420 S.W.2d 53 (Mo.App.1967); *Houston v. Snyder*, 440 S.W.2d 156 (Mo.App.1969) and *Jenkins v. Jenkins*, 453 S.W.2d 619 (Mo.App.1970).

█ While our courts appear divided on this issue, this court concludes that in the instant proceedings, the rationale expressed in *Brown v. Brown, supra*, is the appropriate one to follow. In *Brown v. Brown, supra*, it was concluded that the applicable date is a matter within the sound discretion of the circuit court and that a reviewing court will defer to that discretion absent a showing of a clear abuse of discretion.

█ In the instant proceedings, the motion to modify was filed on July 1, 1980. A hearing was held on September 8, 1980. The modification was made retroactive to September 1, 1980. This court concludes that, as opposed to adopting an inflexible rule that such modifications be made retroactive to a prescribed date, (whether the date of the filing of the motion or the hearing date), such determination is best left to the discretion of the circuit court, thus enabling the court to consider all factors relevant to the issue and to in turn balance the equities as called for by the particular facts and circumstances of each case.

In the instant proceedings, the circuit court observed that the motion was filed on July 1, 1980. The matter was heard by the court on September 8, 1980. The court, after taking the matter under advisement and awarding an increased modification in the child support to the older child, additionally affixed the increase to a date (September 1, 1980) which could be concluded commensurate with the commencement of a school year. That such was or was not the reasoning of the circuit judge is not specifically declared, but from the entirety of the proceedings such an inference could properly be drawn. That is not the main point, but it illustrates the soundness of the rationale expressed in *Brown v. Brown, supra*, and the one adopted herein.

Upon this court's adoption of the rule that determination of the effective date of a modification is within the sound discretion of the circuit court, and only upon a showing of an abuse of that discretion will such determination be set aside, appellant's final point (3) is found to be without merit and is ruled against her.

For the reasons set forth above, the judgment herein is in all respects affirmed.

All concur.

---

1. *Feese* involved a contention that modification *prior to filing* had occurred, but no such issue exists in the present case and that issue is not determined herein.