**Marsha Szymanski PANICHAS, Petitioner-Respondent,**

v.

**David Julius SZYMANSKI, Respondent-Appellant.**

No. 42494.

Missouri Court of Appeals, Eastern District, Division Three.

July 14, 1981.

J. Martin Hadican, Joyce Yulkey Mac-Donald, Clayton, for respondent-appellant.

Theodore F. Schwartz, Barry S. Ginsburg, Clayton, for petitioner-respondent.

CRIST, Presiding Judge.

Dissolution proceeding. Appeal from an order increasing child support payments pursuant to a Motion to Modify a dissolution decree. We affirm.

In 1968, the trial court entered an order dissolving the parties marriage, awarding custody of two minor children to respondent (hereinafter "mother") and ordering appellant (hereinafter "father") to pay $50.00 per month per child for support. In 1971, the child support provision of the original decree was modified requiring father to pay $150.00 per month per child for support. Mother made a motion to modify to increase child support in 1979. On October 4, 1979, the court entered its order increasing the child support payment to $300.00 per month per child. Father appeals.

Father complains that the trial court abused its discretion in increasing the child support payments alleging that the increase is "grossly excessive beyond [father's] ability to pay and leaves [father] with no ability or incentive to continue gainful employment." We disagree. The trial court properly considered father's overall earning capacity. *Klinge v. Klinge*, 554 S.W.2d 474, 479 (Mo.App.1977).

The record reveals that the trial court did not abuse its discretion in modifying the child support payments in light of substantial evidence that the children's living expenses had increased as they grew older. *DePew v. DePew*, 590 S.W.2d 404 (Mo.App. 1979); *Flynn v. Flynn*, 604 S.W.2d 785, 786 (Mo.App.1980); *Kieffer v. Kieffer*, 590 S.W.2d 915, 919 (Mo.banc 1979). The judgment is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976); *Eastes v. Eastes*, 590 S.W.2d 405, 409 (Mo. App.1979). An extended opinion would have no precedential value.

The judgment of the court below is affirmed in accordance with Rule 84.16(b).

REINHARD and SNYDER, JJ., concur.