Michele D. (Mitchell) ROSENER,
Respondent,

v.

Robert D. MITCHELL, Appellant.

No. 44909.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 20, 1982.

Joseph P. Cunningham, III, Festus, for appellant.

William L. Pannell, Festus, for respondent.

CLEMENS, Senior Judge.

■ The issue: In modifying a dissolution decree as to child custody may the court order payment of temporary child support absent parental request? We say yes.

Initially mother was given custody and father ordered to pay $22 a week for support. Later the father sought to modify custody. The parents then stipulated the father should have custody subject to mother's ten summer weeks of temporary custody. They said nothing about child support.

After an evidentiary hearing the trial court granted custody to the father subject to ten weeks summer visitation with the mother. Then the critical point. The court sua sponte added that each year the father pay the mother ten weekly $25 payments for child support. The court found the father earned $1,662 a month. The father promptly challenged this allowance.

In custody cases the child becomes a ward of the court under its continuing control. By Section 452.340 RSMo. 1978, "the court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable or necessary for his support".

■ Awarding child support is discretionary. *Miller v. Miller*, 599 S.W.2d 237[1] (Mo.App.1980). And, the parties may not contract away their obligation; their agreement to do so is not binding on the court. *Williams v. Williams*, 542 S.W.2d 563[1–3] (Mo.App.1976).

■ We deny the father's initial point and go to this procedural challenge of disqualification. Upon hearing husband's post-decree motion to delete the child support provision the court indicated it would deny the father's motion. The father then orally moved for a change of judge. The court denied the motion.

Father now contends this was error, citing *State ex rel. Horridge v. Pratt*, 563 S.W.2d 168 (Mo.App.1978). Father's reliance on this case is misplaced; *Horridge* is readily distinguishable from the case at bar because in that case the requested change was made prior to a new trial which had been mandated on appeal.

Rule 51.05 not only requires a written application to disqualify a judge; it also must be made before trial begins. Father's procedural point is doubly void.

The trial court did not err in awarding the challenged child support.

Affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.