Elizabeth MARKOWSKI, Appellant,

v.

Herman F. MARKOWSKI, Respondent.

No. WD 42329.

Missouri Court of Appeals,
Western District.

Aug. 7, 1990.

Elizabeth (Markowski) Morrow, Sibley, pro se.

Barton Blond, Kansas City, for respondent.

Before TURNAGE, P.J., and LOWENSTEIN and GAITAN, JJ.

LOWENSTEIN, Judge.

This appeal is from an order rendered pursuant to a motion to modify a decree of dissolution as to child support and mainte-

nance. Elizabeth Morrow (formerly Markowski) alleged a change of circumstances which she felt warranted the trial court to require Herman Markowski to contribute to the medical and educational expenses of their two minor children. The judgment is affirmed in part and reversed in part.

Ms. Morrow and Mr. Markowski obtained a divorce December 17, 1979. The trial court decree awarded custody of the couple's two sons, Jan and Lorentz, to Ms. Morrow. The decree also required Mr. Markowski to pay $400 per month per child in child support. This portion of the decree has never been modified and Mr. Markowski continues to pay a total of $800 per month for support of his children.

On September 27, 1988, Ms. Morrow filed a motion to modify as to child support claiming "changed circumstances so substantial and continuing as to make the terms of said [previous] decree unreasonable...." These circumstances included:

(a) ... a tremendous increase in the cost of supporting the children ...;

(b) Lorentz Arthur is now attending fourth grade and Jan Pawel is now attending junior high school, thereby greatly increasing the cost of their support;

(c) Petitioner is now self-employed and is unable to support herself and the minor children;

(d) Respondent has experienced a substantial increase in his income ...;

(e) The children are much older now, thereby greatly increasing the cost of their support;

(f) The minor children have encountered unusual dental expenses....

After an extensive and acrimonious discovery process, a hearing was held on June 26, 1989, consisting solely of the testimony of Ms. Morrow and Mr. Markowski. It was brought out that both children have above average IQ levels and have for a short period attended a private catholic school. Ms. Morrow testified the children were bored and not obtaining an adequate edu-

cation in the public school system, and also, Jan and Lorentz are in need of orthodontist work which is estimated at over $6,000 for the both of them.

As to income of the parties, there was conflicting and insubstantial evidence as to the yearly income of Ms. Morrow, mainly due to the fact she did not keep business records of her sole proprietorship. Mr. Markowski worked for the Harris Corporation, but on March 21, 1989 terminated his employment. He chose a severance package due to the risk of losing his job because of scaled down defense contracts forcing lay-offs.

The court decreed Mr. Markowski was to pay one-half of the orthodontic charges, denied the request which would have required him to pay for private schooling, and allowed him to claim the children as an exemption on his federal, state and local taxes. In addition, due to Ms. Morrow's "recalcitrance and evasiveness," Judge O'Malley awarded $2,500 to Barton Blond, attorney for Mr. Markowski, as partial attorney fees. Costs were assessed against Ms. Morrow.

■ In her first point of error, Ms. Morrow claims the trial court erred in not requiring Mr. Markowski to provide medical, dental and ocular insurance for the children. However, all this relief was not requested in her motion to modify, nor was it asked for at trial. It was therefore not before the court on appeal. *Asarco, Inc. v. McNeill*, 750 S.W.2d 122, 129 (Mo.App. 1988); *Corey v. Corey*, 712 S.W.2d 708, 710 (Mo.App.1986). That part of the order which required Mr. Markowski to pay one-half of the dental expense was not appealed. Point one is denied.

■ Point two contends error in not requiring Mr. Markowski to pay one-half the cost of private schooling for Jan and Lorentz. The cost of education is a proper factor in awarding child support and private schooling may be a valid item of support. *Stitt v. Stitt*, 617 S.W.2d 645, 647 (Mo.App.1981). However, such support

rests within the sound discretion of the trial court and that court's judgment will be deferred to unless the evidence is palpably insufficient to support it. *In Re Marriage of D.M.S.*, 648 S.W.2d 609, 612 (Mo. App.1983). There is no such insufficiency here.

■ "Recognition of costs for private education is subject to the condition that such private education is within the financial means of the person providing support." *Stitt, supra*, at 647. It was well within the court's discretion to find Mr. Markowski was not in a financial position to provide private schools for his sons. To begin with, he already provided $800 per month in support, plus the recent dental bill. But more importantly, he was unemployed and deriving income solely from a short term severance package. With no future employment certain and his present income limited, the court could easily have found as it did. Point two is denied.

Ms. Morrow's third point claims error in the trial court's awarding of the tax deduction of the children to Mr. Markowski. Although Mr. Markowski did not ask for such relief in his pleadings, this topic was discussed at trial and not objected to. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment ... may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues." Rule 55.33(b). Having determined the trial court was in the position to make a decision, the court must now decide whether the decision it made was proper.

■ Disposition of this point centers around the Tax Reform Act of 1984, 26 U.S.C. § 152. Such act provides three means by which the non-custodial parent can acquire the right to claim a dependent: 1) if the custodial parent signs a written declaration that he or she will not claim the child as a dependent and the non-custodial parent attaches such declaration to the tax return; 2) if a multiple support agreement is in effect; or 3) if a qualified pre–1985 instrument between the parents provides that the non-custodial parent shall be entitled to the deduction and the non-custodial parent provides at least $600 per year per child in support. 26 U.S.C. § 152(e)(2)–(4); *Echele v. Echele*, 782 S.W.2d 430, 440 (Mo. App.1989).

It is obvious from a reading of the record there was no evidence adduced which would support the trial court's decision giving the exemptions to Mr. Markowski. None of the three above mentioned means were even alluded to at the hearing. The only testimony regarding the exemptions was that of Mr. Markowski:

Mr. Blond (For Mr. Marskowski): Have you received the exemption for the children on the tax returns?

Mr. Markowski: No.

　　*　　*　　*　　*　　*　　*

Mr. Blond: And Miss Morrow has not taken that exemption, has she?

Mr. Markowski: No, she hasn't.

Mr. Blond: She's never taken it, has she, in your discussions with her?

Mr. Markowski: No, she hasn't.

Mr. Blond: And is that because she has had—it wouldn't do her any good?

Mr. Markowski: I guess.

Mr. Blond: For tax reasons. And are you asking the court in light of these circumstances to order that you receive the exemptions for the children for income tax purposes for the reason that they would do you some good but they don't do her any good at all at this time? Is that correct?

Mr. Quitmeyer (For Ms. Morrow): I object to the leading nature of the question.

Mr. Markowski: Yes.

The Court: Sustained.

Mr. Quitmeyer: I will withdraw the objection.

Mr. Blond: But you are asking the court to order a change in the right to that exemption?

Mr. Markowski: Yes, I am.

This testimony is not adequate to sustain the trial court's finding. *Echele, supra,* at 440. Without a showing that any of the means listed in § 152(e)(2)–(4) are present, any order giving a non-custodial parent an exemption is in error. *Id.* Point three is reversed.

 The fourth and final point claims error in ordering Ms. Morrow to pay $2,500 toward Mr. Markowski's attorney fees. The award of attorney fees in a modification proceeding is within the sound discretion of the trial court. *Weir v. Weir,* 748 S.W.2d 190, 191–92 (Mo.App.1988); *Costley v. Costley,* 717 S.W.2d 540, 545 (Mo.App. 1986). Given Ms. Morrow's abuse of the discovery process and her continued evasiveness, there is no doubt the trial court did not abuse its discretion. *See Wynn v. Wynn,* 738 S.W.2d 915, 920 (Mo. App.1987). Point four is denied.

The judgment is affirmed in part and reversed in part.