**In re the MARRIAGE OF Linda MANNING and Boyd H. Manning, Jr.,**

**Linda Manning, Petitioner–Appellant,**

**and**

**Boyd H. Manning, Jr., Respondent.**

**No. 18489.**

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 28, 1994.

---

John S. Pratt, Pratt & Fossard, Springfield, for petitioner-appellant.

David A. Fielder, Michael K. Cully, Lowther, Johnson, Joyner, Lowther, Cully & Housley, Springfield, for respondent.

PREWITT, Judge.

Petitioner appeals from a decree dissolving the parties' marriage. She states that the trial court erred in determining child support, awarding respondent the dependency tax exemption, denying her maintenance and denying her attorney's fees and suit money.

██ Review is under Rule 73.01. It requires that we affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or unless it erroneously declares or erroneously applies the law. *In re Marriage of Goostree*, 790 S.W.2d 266, 267 (Mo.App. 1990). Due regard is given to the opportunity of the trial judge to determine the credibility of witnesses. Rule 73.01(c)(2); *In re Marriage of Lafferty*, 788 S.W.2d 359, 361 (Mo.App.1990).

The parties were married on May 12, 1974. They adopted a female child, Christy Ann

Manning, born May 10, 1979. The parties separated on October 15, 1991, and petitioner's petition for dissolution of their marriage was filed on November 12, 1991. The court heard this matter on August 31, 1992 and October 6, 1992. The court entered its decree on October 15, 1992.

■ In her first point petitioner asserts that the trial court erred in following the Form No. 14 (see Rule 88.01) which calculated respondent's monthly gross income as $2,016 per month. Petitioner states this figure was not supported by the evidence as the proper amount "was $5,544.05 which was the amount historically earned by the respondent until shortly before the trial ... and such reduction of income was of a transitory or temporary basis". Petitioner states that the reduction of income was "brought on by either situational depression because respondent was involved in a relationship with another woman or such reduction was brought on by the voluntary and deliberate actions of the respondent in performing his work in such a manner that his income was reduced by his employer."

■ Past, present, and anticipated earning capacity is considered in determining the ability of a parent to pay child support. *Goodwin v. Goodwin*, 746 S.W.2d 124, 126 (Mo.App.1988). *See also Schulze v. Haile*, 840 S.W.2d 263, 264 (Mo.App.1992); *Riaz v. Riaz*, 789 S.W.2d 224, 228 (Mo.App.1990) (manipulation of income).

The testimony presented by respondent as to his income was suspect at best. Respondent's immediate supervisor testified that he cut respondent's commission rate from 3% of the total dealership business to 1.5% May 1, 1992. This was, he said, due to the car business being down for the last two years and a poor performance by respondent beginning in April 1991. During that time, however, respondent's income was increasing. He averaged approximately $4,300 per month in 1990, $5,200 a month in 1991 and $5,500 a month for the first four months of 1992. Respondent also testified that depression, to which he attributed the poor performance referred to by his supervisor, had been present for three years previous to the trial.

Even if we presume the evidence of respondent's income and work performance was true, that does not mean the income used by the trial court was correct. The evidence indicated that it was a temporary reduction.

Courts in other cases have been hesitant to fashion orders based on substantial changes in income shortly before trial. *See Steffens v. Steffens*, 773 S.W.2d 875, 877 (Mo.App. 1989) (approving child support of $204.25 per month per child for three children where father had been on sick leave for four months preceding trial, seeing a psychiatrist for depression, and receiving disability payments of $257.00 per week). *See also Bathon v. Bathon*, 741 S.W.2d 100 (Mo.App.1987) (approving denial of maintenance to wife who had missed six months of work preceding trial due to a "nervous condition" brought on by "too much pressure" causing numbness throughout her body, for which she was being treated).

As the reduction in respondent's income occurred shortly before trial and as the last evidence was heard on this matter well over a year ago, we believe this matter should be further examined. Rule 84.14 empowers an appellate court to enter such decree as the trial court should have entered. However, "we should not do so absent a record and evidence upon which we can perform that function with some degree of confidence in the reasonableness, fairness, and accuracy of our conclusion." *In re Marriage of Parker*, 762 S.W.2d 506, 514 (Mo.App.1988). *See also Grunden v. Nelson*, 793 S.W.2d 569, 576 (Mo.App.1990). Under the circumstances here we think reversal and remand is necessary. The determination of child support is reversed and upon remand further evidence regarding it may be presented.

■ Petitioner's second point also relates to child support. The parties' child attends Greenwood, a "laboratory" school at Southwest Missouri State University. She has gone there since kindergarten, the past nine years. Tuition there is currently $2,100 a year and her books for the school year of the trial cost $155. Petitioner borrowed money for these expenses from her mother.

The parents, joint legal custodians under the decree, apparently could not agree on the proper school for Christy. In such a case it is within the trial court's discretion to participate in school selection in order to protect the best interests of the child. *Sunderwirth v. Williams,* 553 S.W.2d 889, 894 (Mo.App. 1977). *But cf.* § 452.405 RSMo 1986 *and Anderson v. Anderson,* 437 S.W.2d 704, 712 (Mo.App.1969) (decisions regarding child's education are for the custodian).

 The trial court determined that there was "no special need for the Child of the parties to attend a particular school" and no cost for this schooling was used in calculating child support. We believe this is erroneous. Dissolution is difficult for a child. Not allowing the child to continue at the school she has been attending would make it more so. Allowing children to continue at a private school can be "a condition essential to the welfare of the [child]". *See Margolin v. Margolin,* 796 S.W.2d 38, 43 (Mo.App.1990).

The cost of education, including for a private school, is a proper factor in awarding child support. *Stitt v. Stitt,* 617 S.W.2d 645, 647 (Mo.App.1981). *See also* Form 14 and amended Form 14. However, including costs for private education is conditional upon such education being within the financial means of the person or persons providing support. *Markowski v. Markowski,* 793 S.W.2d 908, 910 (Mo.App.1990); *Stitt,* 617 S.W.2d at 647; *Degenar v. Degenar,* 478 S.W.2d 687, 689 (Mo.App.1972). We are convinced that the parties' means were such that the child should be allowed to continue at Greenwood and that the cost should be considered in assessing child support.

Petitioner's third point goes to the trial court's determination that respondent should receive the dependency tax exemption for the child. *Vohsen v. Vohsen,* 801 S.W.2d 789, 790–792 (Mo.App.1991) held that the trial court may determine that the noncustodial parent can claim a child as a dependent for income tax purposes if the trial court orders the custodial parent to annually sign the proper form and the noncustodial parent attaches that declaration to the noncustodial parent's tax return (apparently federal return). *Vohsen* was followed and approved in *Mehra v. Mehra,* 819 S.W.2d 351, 357 (Mo. banc 1991). As child support will be again considered, whether there was error regarding the dependency exemption need not be determined.

Petitioner contends in the remaining two points that the trial court erred in not granting her maintenance and ordering petitioner to pay her attorney fees. In view of the large disparity in the parties' income, we agree. However, the amount of maintenance and attorney fees to be paid may well hinge upon respondent's current income. The trial court should give further consideration to both matters upon remand.

The portions of the decree of dissolution regarding child support, the dependency tax exemption, maintenance and attorney fees are reversed and in all other respects the decree is affirmed. The cause is remanded for further proceedings in accordance with this opinion.

FLANIGAN, P.J., and CROW, J., concur.