**Dennis D. BUSKEN, Respondent,**

v.

**Linda BUSKEN n/k/a Schroeder, Appellant.**

No. 64689.

Missouri Court of Appeals,
Eastern District,
Division One.

June 14, 1994.

Raymond A. Bruntrager, Mary P. Schroeder, St. Louis, for appellant.

Charles C. Schwartz, Jr., St. Louis, for respondent.

CRIST, Judge.

Mother appeals from the denial of her motion to modify child support and child custody. We affirm.

On June 19, 1979, the marriage of Mother and Father ended in dissolution. The decree of dissolution granted custody of the minor child (Child) born of the marriage to Mother. It further granted reasonable visitation to Father and ordered him to pay $45 per week in child support.

In 1986, the dissolution decree was modified. The modification provided Mother and Father would share legal and physical custody of Child. Mother was given physical custody of Child during the school year, while Father was given physical custody of Child during his summer vacation from school. In addition, the modification ordered Father to pay child support to Mother of $400 per month for the nine months she had custody of Child.

On January 8, 1992, Mother filed a motion to modify the dissolution decree alleging substantial and continuing changes in circumstances requiring a modification of child support; specifically, the application of the child support guidelines and Rule 88.01 to the financial circumstances of the parties would result in a change in child support from the existing amount of $400 by 20% or more and the cost of Child's private school tuition had increased substantially.

In response, Father contended Mother had intentionally lessened her income and should have income imputed to her. Father also filed a counter motion to modify requesting the court allow him to take a deduction for Child on his income tax.

On June 28, 1993, the trial court conducted a hearing on the motions to modify. The evidence presented at trial revealed the following: Mother is currently remarried and lives in Florissant. At the time of the modification in 1986, she was single. Mother's statement of income and expenses indicates she makes $234 semi-monthly for nine months of the year as a part-time school bus driver for the Hazelwood School District. In 1991, she earned $4,499.46; and in 1990, she earned $5,308.12. Mother made about $12,000 per year at the time of the dissolution when she worked full-time. However, she testified she is currently unable to work full-time because she had two surgeries on her bladder. Mother's present husband is a farmer. Evidence of the income of Mother's present husband was admitted at the hearing but has not been provided to this court. Mother did testify, however, she believed their adjusted gross income was $38,000.

Father testified he has remarried and has another child with his second wife. He was remarried to his current wife at the time of the 1986 modification. He and his family live in Florissant. Father works as a butcher for Schnuck's Markets. Father further agreed his monthly salary is $2,710.93. His combined income with his second wife is about $70,000 per year.

The center of controversy was Child's attendance at private school. Child attends DeSmet High School, a private Catholic school, where he is a Sophomore and on the honor roll. Mother testified she had discussed with Father about Child attending a private school and he had no objection. However, she admitted he never agreed to pay any of the costs associated with Child attending. The tuition, books, and transportation costs of Child attending DeSmet are about $4,700. Father testified Mother did not consult him about Child attending DeSmet, and he only learned of his attendance after the fact. He stated he believed Child could do well in any school district and wanted Child to attend Hazelwood School District.

Mother presented a Form No. 14 showing the presumed child support amount to be $405 per month. This figure was apparently based on her estimate that Father makes $2,710.93 per month, while she has no income.

Mother also made an oral motion at trial to modify the temporary custody arrangement of Child during the summer from 90 days to 30 days. She testified Child, who at the time of trial was 15 years old, wanted to remain

with her for the summer and work on her husband's farm. In response, Father stated he wanted to continue custody of Child for the summer months, even though Child has complained to him about it. However, Father believes Child wants this because Mother is not as strict as he is. Child is not prevented from seeing his friends or having them over. Also, Child is allowed to go over to Mother's farm to work during the day, because Father and his second wife both work.

Following the hearing, the trial court summarily denied both motions to modify. Neither party requested findings of fact and the trial court made none. Mother appeals.

In Point I, Mother contends the trial court misapplied the law in failing to consider the cost of Child's private school education as a proper factor in increasing child support because Rule 88.01 gives the court discretion to include tuition. Mother contends the court specifically stated it could not consider requiring Father to pay the tuition because he did not consent to it.

We agree with Mother's contention that the cost of private school education is a proper factor for the trial court to consider in assessing the amount of child support. *See,* § 452.340.1(4), RSMo Supp.1993 (relevant factor to consider in assessing child support includes educational needs of child); Rule 88.01 (relevant factor in determining child support includes education); *Mistler v. Mistler,* 816 S.W.2d 241, 255[14] (Mo.App.1991) (education expenses are an appropriate factor for court to consider in awarding child support); *Markowski v. Markowski,* 793 S.W.2d 908, 909–10[2] (Mo.App.1990) (cost of private school education is a proper factor in awarding child support); *Stitt v. Stitt,* 617 S.W.2d 645, 647[3] (Mo.App.1981) ("provision for private school may be a valid item of support").

However, Mother is referring to comments made by the judge in response to queries about whether Father was consulted about Child attending DeSmet. The court stated: "The Court—The Court is really not going to consider whether or not he was consulted about it. If he didn't agree to pay, then that would be the crucial issue for the Court on this." These are not statements indicating the court failed to consider the amount of tuition, but merely an indication of what factors the court would consider in exercising its discretion. Whether this is a proper factor or not, we need not decide.

The decision of whether to increase the presumed child support to require Father to pay Child's educational expenses is within the discretion of the trial court. *See, Markowski,* 793 S.W.2d at 910[3]; *Stitt,* 617 S.W.2d at 647[2]. We must defer to that discretion unless the evidence is palpably insufficient to support it. *In re Marriage of D.M.S.,* 648 S.W.2d 609, 612[1] (Mo.App. 1983). We find no insufficiency here.

Mother bears the burden of showing the tuition costs represent a substantial and continuing change in circumstances warranting an increase in child support. § 452.370.2, RSMo Supp.1993; *Stitt,* 617 S.W.2d at 646. Mother failed in her burden. At the time of the 1986 modification, Child attended another private school, Sacred Heart. At the current hearing, Mother did not admit any evidence indicating the cost of Sacred Heart and its difference from the cost of DeSmet. In light of the trial court's discretion in the matter, we deny Mother's point.

In Point II, Mother contends the trial court erred in failing to increase child support because she made a prima facie showing of a substantial and continuing change in circumstances. She argues she proved this by showing the current amount of $400 in child support deviates from the presumed amount by 20% because Father remarried and now has access to his current wife's income totalling approximately $40,000.

Section 452.370.1 states:

If the application of the guidelines and criteria set forth in supreme court rule 88.01 to the financial circumstances of the parties would result in a change of child support from the existing amount by twenty percent or more, then a prima facie showing has been made of a change of circumstances so substantial and continuing as to make the present terms unreasonable.

Considering Mother's Form No. 14, which she submitted to the trial court, Father's presumed child support is $405. This is about a one percent deviation from the ordered amount of $400. The submitted Form No. 14, however, listed no income for Mother and monthly income of the $2,710.93 for Father. Now, Mother argues the deviation would be over 20% if the trial court had considered the income of Father's current wife. The combined income of Father and his current wife is $70,000. Mother argues this means the presumed child support amount is about $600.

■ Mother did not submit a Form No. 14 to the trial court including the income of Father's current wife. Her completed Form No. 14, listing a presumed child support amount of $405, embodies her contention of the factually and legally correct amount and frames the legal and factual issues. *See, Tuning v. Tuning,* 841 S.W.2d 264, 267[4] (Mo.App.1992). Mother's failure to include in her own Form No. 14 the income of Father's current wife generally precludes her contention on appeal the income should be included. *See, Ibrahim v. Ibrahim,* 825 S.W.2d 391, 398[8] (Mo.App.1992).

■ Mother further relies on the following language in § 452.370.1:

In a proceeding for modification of any child support award, the court, in determining whether or not a substantial change in circumstances has occurred, shall consider all financial resources of both parties, including the extent to which the reasonable expenses of either party are, or should be, shared by a spouse....

However, even if the court did consider the income of Father's current spouse, Mother failed to show the income of Father's current wife was a substantial and continuing change in circumstances warranting an increase in child support. At the time of 1986 modification, Father was already remarried to his current wife. There is no indication in the record whether her income had increased since the 1986 modification or that the trial court had failed to consider her income in assessing the $400 child support award. In any event, the trial court could have considered the financial resources available to Father from his current wife, but merely dismissed them in light of Mother's available resources from her current husband. Point denied.

■ In Point III, Mother challenges the trial court's denial of her oral motion to modify the joint physical custody arrangement to grant her primary physical custody of Child. She contends the court erred in failing to consider the wishes of Child, who was 15 years old, regarding custody, as required by § 452.385, RSMo 1986. However, the decision of whether to conduct an in-chambers interview of Child is not mandatory and is within the trial court's discretion. § 452.385 ("court *may* interview the child in chambers to ascertain the child's wishes"); *See also, Osmun v. Osmun,* 842 S.W.2d 932, 936[7] (Mo.App.1992); *Hord v. Morgan,* 769 S.W.2d 443, 448[7] (Mo.App.1989).

There is no abuse of that discretion here. First, Mother merely requested the court allow her to call him as a rebuttal witness to impeach Father regarding whether Mother consulted him about DeSmet. She did not request the child be interviewed to determine his custody preference. *See, Vaught v. Vaught,* 755 S.W.2d 375, 377[4] (Mo.App. 1988). In addition, Child's wishes were before the court through the testimony of both Mother and Father. Point denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.