**Walter N. DACHSTEINER, Petitioner/Appellant,**

v.

**Cecelia A. DACHSTEINER, Respondent/Respondent.**

**No. 65584.**

Missouri Court of Appeals, Eastern District, Division One.

March 7, 1995.

---

Bert L. Gates, St. Louis, for appellant.

Mardi J. Montello, Behrendt & Montello, St. Louis, for respondent.

REINHARD, Presiding Judge.

Father appeals from those portions of the trial court's modification order denying his request for a finding of emancipation of the parties' son and ordering him to pay one-half of their daughter's private school tuition and part of wife's attorney fees. We affirm in part and reverse in part.

The parties' marriage was dissolved on June 22, 1989. Under the stipulation and separation agreement which was incorporated into the decree of dissolution, mother was awarded custody of the two minor children born of the marriage, a son born December 8, 1973, and a daughter born February 28, 1978. Under the stipulation and separation agreement husband was awarded specific periods of temporary physical custody and was ordered to pay $250 per month per child in child support. In addition, he was ordered to maintain medical insurance coverage for both children and to promptly endorse and to forward to wife any reimbursement checks he received as a result of the medical expenses for the children incurred by wife.[1]

On June 12, 1992, father filed a motion to modify asking that the son be declared emancipated as of December 8, 1991, and that his child support be abated accordingly.

Mother filed a counter-motion to modify requesting an increase in child support and requesting the court declare the son unemancipated. In support of her request for increased child support, mother alleged that there were continuing and substantial changed circumstances since the date of the dissolution. All of her allegations of changed circumstances related to the son with the exception of one allegation relating to both children which states, "[t]here has been a tremendous increase in the cost of supporting the children since the Decree was entered."

On May 19, 1993, the court held a hearing. After the hearing the court entered an order finding against the father on the emancipation issue and denied mother's request to increase child support finding that wife has

---

1. The record does not include the original dissolution decree or the stipulations. Apparently, the stipulation included provisions concerning the children's college education. Two certificates of deposits are held in the name of the wife as trustee for each of the children for the purpose of financing the child's college expenses.

not made a showing of any increased ability of husband to pay additional child support. The court, however, ordered each parent to pay one-half of the cost of daughter's private high school education.

Father on appeal asserts the trial court's provision ordering him to pay one-half the cost of his daughter's private school education was an abuse of discretion, against the weight of the evidence, not supported by substantial evidence and erroneously declared and applied the law in that such relief was not requested in mother's motion and there was no credible evidence to show any need for such expense and the court found that father had no increased ability to pay.

Our standard of review is supplied by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We must affirm the ruling of the trial court unless it is unsupported by substantial evidence, unless it is against the weight of the evidence, or unless it misstates or misapplies the law. *Id.* at 32; *Boudreau v. Benitz*, 827 S.W.2d 732, 733 (Mo.App.1992). We defer to the trial court's determinations of credibility, viewing the evidence and permissible inferences therefrom in the light most favorable to the trial court's order and disregarding all contrary evidence and inferences. *Boudreau* at 733.[2]

The court's order stated as follows: "Since the date of the dissolution, [daughter] has become a student at a private school where the tuition is $3,555.00 per year. It is in [daughter's] best interest that she continue private school education in order to prepare her for college and that both Husband and Wife share the expense of said private school education." Numerous cases have recognized that the cost of private education can be considered in determining a child support award. As Judge Lowenstein, speaking for the Western District, stated in the case of *Markowski v. Markowski*, 793 S.W.2d 908 (Mo.App.1990):

> The cost of education is a proper factor in awarding child support and private schooling *may* be a valid item of support. How-

ever, such support rests within the sound discretion of the trial court and that court's judgment will be deferred to unless the evidence is palpably insufficient to support it. . . .

> "Recognition of costs for private education is subject to the condition that such private education is within the financial means of the person providing support." (Emphasis added).

*Id.* at 909–10 (citations omitted). We now examine the record to see if the court's order is supported by substantial evidence.

In order to justify a modification there must be substantial and continuing changes since the decree. § 452.370.1, RSMo Supp. 1993. Father's motion to modify related to the son's emancipation. His testimony and evidence related only to that issue and the court found no change in circumstances relating thereto. If the court's order is to be sustained, it must be supported by evidence offered by mother. Yet, her evidence on this issue is sparse. Her testimony concerning daughter's private education on direct examination was as follows:

Q. To the best of your knowledge has the cost of raising your children increased since your divorce in 1989?

A. Yes, it has. I had to accept reduced child support at this time.

Q. To the best of your knowledge is [daughter's] tuition $3,550 a year?

A. Yes, it is.

\* \* \* \* \* \*

Q. Does [father] have very much to do with [daughter]?

A. He never bothers with the children.

Q. Has he been given opportunity to go to the children[']s school events, confirmations and such?

A. Yes, [daughter] invited him three weeks in advance to her graduation and her confirmation. He never showed up or sent her a card.

\* \* \* \* \* \*

---

2. Father's argument as to the effect of mother's failure to plead and request specifically the private education expenses is without merit because

the evidence on this issue was admitted without objection. This evidence includes mother's testimony and her Form 14.

Q. You and [father] have both testified that [daughter] is going to a private school. Is that correct? [3]

A. Yes, it is.

Q. [Daughter's] tuition is $3,550 per year. Is that correct?

A. Yes, it is.

Q. Monthly that comes out to $296. Is that correct?

A. Yes.

Q. 81 percent of $296, we calculated to be $240 a month, correct? [4]

A. Yes.

On cross-examination the following occurred:

Q. Let me ask you about your daughter. She attended a private school.

A. That's right.

Q. What school district are you in?

A. Riverview.

Q. She can attend Riverview?

A. I wouldn't think of sending her to that jungle though.

**3.** Our examination of father's testimony fails to uncover any reference by father to daughter's private schooling.

**4.** Mother's Form 14 computed father's income to be eighty-one percent of mother and father's combined income.

**5.** The testimony reads as follows:

Q. Now are—Regarding ·child support for your daughter, are you willing to pay, um, the appropriate amount of support for your daughter?
A. Yes.
Q. You have no problems paying for the child—she's a minor child—do you?
A. No.
Q. She's always attended school and never had trouble with school?
A. That's correct.
Q. You feel that she's been a good student?
A. Yes.
Q. You anticipate that she'll even further her education later on, possibly go to college?
A. I have no doubt.
Q. And pursuant to Missouri law you would be willing to continue paying child support, whatever the law says would be her minority?
A. That's correct.

* * * * * *

Q. Let me ask you now about there's a request also for college education expenses for the children. Do you have any objections to paying for college for the children?
A. No.

Q. She can attend public school?

A. She can, but she may not.

Q. Okay. By your choice?

A. Definitely, for her safety.

Although the modification order states that "[s]ince the date of dissolution, [daughter] has become a student at a private school...." there is no evidence in the record pertaining to when daughter began attending private school, be it before or after the dissolution. There is no evidence as to which private school she is attending. The only evidence as to the best interest issue was mother's statement that the public school is a "jungle" and the reason for the daughter's private schooling was her safety. Moreover, there is no evidence that father agreed that daughter should attend private school or that he agreed to pay for it. Mother seizes upon the testimony of father relating to college education to support the decree.[5] We cannot interpret father's state-

Q. And, in fact, you've even taken the steps to provide for their college, have you not?
A. Yes, I have.
Q. In that during your marriage you had put money away every week for a fund that was designated as a college fund for each child?
A. That's correct.
Q. Would—Was that because of your strong belief in the need for education for children nowadays?
A. That's correct.
Q. And at the dissolution of marriage were there not two certificates of deposit; one in [son's] name and one in [daughter's] name that was set aside specifically for education?
A. Correct.
Q. And that the approximate amount of those C.D.'s at this time are in the range of 22, $23,000?
A. That's correct.
Q. And that pursuant to the dissolution decree it stated that those are to be specifically used for the college education of each children—each child?
A. That's correct.
Q. If they do not go to college it's to be given to them at the age of 21?
A. That's correct.
Q. And that [ ] money is not to be spent other than with the Court's permission to be used for their education?
A. That's correct.
Q. And to your knowledge those C.D.'s are still in dividends, are they not?
A. Yes.
Q. Pursuant to divorce decree those are actually awarded custody of them to your ex-wife?

ments as an indication that he had agreed to pay for private school education. In the original decree, the parties apparently anticipated the children would go to college and father had made provisions for financing the same. He reaffirmed this in his testimony.[6]

While we should give great deference to the trial court on the issue of support, we have found no cases affirming an order for the payment of private education wherein the record on this issue is as sparse as it is here. The lack of evidence on this issue is particularly meaningful where, as here, the court made the well supported finding that "Wife has not made a showing of any increased ability of the Husband to pay increased child support under Rule 88.01." *See, e.g., Wynn v. Wynn*, 738 S.W.2d 915, 919 (Mo.App.1987) ("Determination of the proper amount [of child support] to be paid by husband requires a balancing between the needs of his children and his ability to pay.") We conclude that the court's order requiring father to pay one-half of daughter's private education expenses is not supported by substantial evidence and is an abuse of discretion.

Father also appeals from those parts of the order finding that son was not emancipated and allowing wife attorney fees in the amount of $2,000. We find that these orders were supported by substantial evidence and that an opinion on these matters would have *no* precedential value. Rule 84.16(b).

The portion of the modification order requiring father to pay one-half of daughter's

A. That's right.
Q. But, again, she can't actually handle those without the Court's permission for their education?
A. That's correct.
Q. And are you asking the Court in awarding any college expenses that those C.D.'s are there and that they are used first and then any additional college expenses you would be willing to split with your ex-wife?
A. That's correct.
Q. You also asking that if the—if a child goes to college and is incurring expenses for room and board, you also asking the Court to abate any expenses for your daughter during that period of time?
A. That's correct.

private education is reversed. In all other respects the order is affirmed.

CRANDALL and CRAHAN, JJ., concur.

6. In its modification order, the following clause was included, "The maximum cost which husband shall be responsible for in any given [college] school year will be one-half (½) of the then costs for tuition, fees, books and dormitory costs for room and board at the University of Missouri at Columbia, regardless of what institution the child attends." Neither party appealed this portion of the modification, and it is uncertain how the court arrived at this order. It is possible that it was part of the original stipulation of the parties at the time of the dissolution. If so, it supplies further indication that the parties had thoroughly addressed the issue of the children's education and that father had not intended to pay daughter's private school educational expenses.