Constance Ann **GARNER,**
Plaintiff/Respondent/Cross–Appellant,

v.

Larry Alan **GARNER,**
Defendant/Appellant/Cross–Respondent.

Nos. 73080, 73132.

Missouri Court of Appeals,
Eastern District,
Division One.

June 16, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 6, 1998.

Alan W. Cohen, Clayton, for appellant.

Ziercher & Hocker, P.C., Christopher Karlen, Clayton, for respondent.

PUDLOWSKI, Judge.

This appeal arises from the modification of child support. After a hearing, the trial court rejected both parties' completed Form 14 and computed the correct figures on its own Form 14 worksheet. The trial court found no reason to rebut the presumed child support amount as unjust or inappropriate, and increased the amount of child support to be paid to the custodial parent. Both parents appeal. Additionally, Appellant filed a motion to dismiss the cross appeal or strike Respondent's brief. We affirm the judgment of the trial court.

The Saint Louis County Circuit Court granted Larry Alan Garner (Father) and Constance Ann Garner (Mother) a dissolution of their marriage on 22 February 1985. At that time, Mother was granted primary physical and legal custody of their minor children, N.W. and P.J.. Father was granted visitation and ordered to pay child support to Mother.

Mother informed Father during the summer of 1994 that she was enrolling N.W. in a private high school rather than the local public high school. Mother paid for N.W.'s tuition. Father attended some school activities, but did not contribute financially for the private education. Additionally, Mother enrolled both of the children in various sports. She and P.J. attended N.W.'s out-of-town games.

On 21 November 1996 Mother filed a Motion to Modify the Decree of Dissolution and on 11 April 1997 amended her motion. Mother sought an increase of child support in the amount of $500 per child per month. Father filed a Motion for Contempt on 1 April 1997 alleging he was refused his right to temporary custody due to the numerous sporting activities and that Mother emotionally abused the children by her verbal abuse of him in their presence. Accordingly, the court appointed a guardian ad litem for the children.

The trial court heard both parent's motions on 21 August 1997. Both parents presented evidence. The trial court entered its judgment granting an increase in child support and dismissing the petition for contempt. From this judgment, Father appeals. Mother also seeks review of the trial court's calculation of its own Form 14 worksheet and its denial of retroactive support payments to her.[1]

We will affirm the decision of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The trial judge is given the opportunity to determine the credibility of witnesses. Rule 73.01(c)(2).

An award of child support is within the sound discretion of the trial court. *McMickle v. McMickle*, 862 S.W.2d 477, 484 (Mo.App.1993). "We will not substitute our judgment for that of the trial court absent a manifest abuse of discretion, and we will not disturb an award of

---

1. The attorneys are encouraged to review the dictates of *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978) when drafting their points relied on to include the "wherein" *and* "why" of the trial court's alleged error.

child support unless the evidence is 'palpably insufficient' to support it." *Holmes v. Holmes,* 878 S.W.2d 906, 909 (Mo.App. 1994).

*Price v. Price,* 921 S.W.2d 668 (Mo.App. W.D.1996).

■ Rule 88.01 and Section 452.340.1 RSMo (1994) establish the procedure to determine child support. This is a two step process. First, the trial court must use Form 14 to calculate the amount of support. The trial court determines "which Form 14 items and their respective amounts are properly included in the calculation based on the Directions for Completion of Form 14 and the evidence presented." *Elliott v. Elliott,* 920 S.W.2d 570, 575 (Mo.App. W.D.1996). Then, the trial court considers whether the presumed amount of support should be rebutted as being unjust or inappropriate in light of all relevant factors. *Id.* at 574–75. The party wanting to rebut the Form 14 amount has the burden to show that it is unjust or inappropriate. *Id.* at 575.

■ Form 14, line 4e, provides for "Extraordinary expense (Agreed by the parents or ordered by the Court.)" Extraordinary expenses include: the cost of tutoring; private secondary schools to meet the particular educational needs of the child; and camps, lessons, travel or other activities intended to enhance the athletic, social or cultural development of the children. *Leslie v. Leslie,* 948 S.W.2d 458, 461 (Mo.App. W.D.1997).

Father contends the trial court erred in including the cost of the private high school on Form 14 because Mother had insufficient evidence to show that this is a necessary expense. Mother testified she selected the private education for the children for academic purposes. Mother informed Father of this decision and Father attended several events at the private school. Father never voiced an objection to the enrollment at the private school. Mother expects the children will benefit academically from the structured atmosphere with fewer distractions associated with a single sex private school. She also

anticipates that by enrolling the children in this school and its corresponding athletic program, the children's future opportunities will increase. Mother believes that the younger child will benefit emotionally from attending the same private school as the older child. Mother hopes to increase the children's chances of receiving scholarships for their post-secondary education due to the children's attendance at this private school and its specialized athletic program.[2]

In decisions concerning education beyond that provided by the state system, Missouri courts tend to defer to the judgment of the custodial parent. *Leslie,* 948 S.W.2d at 462 (citing *Leahy v. Leahy,* 858 S.W.2d 221, 226 (Mo. banc 1993)). Father implies that since he never agreed to enroll the children in the private school, he should not be liable for the tuition.

> There are a plethora of Missouri cases ordering a spouse to pay a portion of tuition for private schools where that spouse had not agreed to enroll the child in private school.... The language of Form 14 itself in its use of the disjunctive "or ordered by the court" indicates that the trial court does not need agreement by the parents in order to include an extraordinary expense in its calculations.

*Leslie,* 948 S.W.2d at 462. Father was informed of Mother's decision to enroll the children in the private school and Father did not object. Father's actions supported this decision in that he attended some events at this school.

Father relies on *Schmidt v. Schmidt,* 949 S.W.2d 117 (Mo.App. E.D.1997) and *Dachsteiner v. Dachsteiner,* 894 S.W.2d 248 (Mo.App. E.D.1995) to show that the trial court committed error in ordering tuition as an extraordinary expense. We fail to find illumination from these cases. The mother in *Schmidt* sought an increase in child support for her daughter to attend a private high school. In *Schmidt,* the choice of attending the private school was made by the daughter. *Schmidt,* 949 S.W.2d at 121. There was no evidence other than the child's

2. N.W., a high school junior, has received a dozen scholarship offers from prestigious universities throughout the country.

preference of attending the private school. *Id.* Additionally, her father objected to paying tuition at the time he was informed of her enrollment. *Id.* The only evidence in *Dachsteiner* relating to the attendance of a private school is that the mother testified the public school was "a jungle." *Dachsteiner*, 894 S.W.2d at 251. Neither of these situations is comparable to the instant case. Mother presented evidence supporting her decision to enroll the children at the private school in order to meet their educational needs.

■ The trial court found that the evidence supported the inclusion of private education as an extraordinary expense. The trial court could reasonably conclude that attendance would "meet the particular educational needs" of these children and, thus, did not abuse its discretion.

In his second and third points relied on, Father claims that Mother failed to present sufficient evidence regarding the children's athletic expenses [3] and that the court erred in allowing evidence of athletic expenses because they were not specifically enumerated in Mother's pleadings. If the trial court erred in allowing athletic evidence, then we need not consider if the amount included on the Form 14 was proper.

Father complains that Mother's petition did not specifically request an increase of support for the children's athletic activities. Mother pleaded generally that the children's expenses increased. During the hearing, Mother was allowed to testify over objection as to the amount of the children's athletic expenses. It is within the discretion of the trial court to allow testimony of the expenses incurred by the custodial parent.

■ In order to prove her expenditures, Mother brought her cancelled checks for the children's athletics and she testified to the expenses incurred for both children. The trial court may add athletic expenses as an extraordinary expense on Form 14 as an activity "intended to enhance the athletic, cultural and social development of the children." *Short v. Short*, 947 S.W.2d 67, 71 (Mo.App. S.D.1997); *See Elliott v. Elliott*, 920 S.W.2d 570 (Mo.App. W.D.1996). The children have participated in athletics since they were in kindergarten.

■ The trial court was within its discretion to enter an amount for the children's athletic expenses on Form 14 if the court finds that the activities will help the children mature. Extraordinary expenses may be agreed upon by the parties or ordered by the court. There was evidence as to the benefits of private education meeting the children's particular educational needs and as to athletic activities enhancing their well-being. These were properly included extraordinary expenses. The trial court did not manifestly abuse its discretion and, therefore, we defer to its Form 14 calculation.

Mother also contends the trial court erred in not finding a greater amount of child support, and she raises two points on appeal. In her first point, she contends that the trial court erred in its determination of Father's income. The trial court heard evidence regarding the incomes of both parents. The trial court is in a better position to evaluate the testimony and we defer to its judgment.

Father filed a motion to dismiss this cross appeal or strike Mother's brief for failure to comply with Rule 80.04(d) and the dictates of *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978). We note that Mother's brief is devoid of citations for this proposition and the brief fails to state or explain why there are no citations.[4] Since we do not believe the trial

---

3. Contrary to Father's attorney's assertions this is not an issue of first impression. The Southern District addressed the inclusion of athletic fees as an extraordinary expense in *Short v. Short*, 947 S.W.2d 67 (Mo.App. S.D.1997).

4. Counsel is advised that:
   . . . if the point advanced is not a matter of first impression and is not simply a matter of logic or policy or analysis of statutory or documentary language, as would be the case in the type of matter indicated above, the court on appeal need not search for precedential support to overrule the contention. If the point is one for which precedent is appropriate and available, it is the obligation of appellant to cite it if he expects to prevail. We suggest that if the point is one for which it is believed that precedent for or against it is unavailable, counsel would be well advised to specifically so state under the point in question, explaining why citations are unavailable.

court abused its discretion in completing its own Form 14 worksheet, we deny both Father's motion and Mother's point relied on.

Secondly, Mother claims the trial court erred in not enforcing the increased child support payments retroactively. Mother admits that it is within the trial court's discretion to award retroactive payments of child support. Yet, there is nothing presented which indicates that the trial court's award abused the discretion vested to it. Point denied.

The judgment of the trial court is affirmed.

GRIMM, P.J., dissents.

GARY M. GAERTNER, J., concurs.

*Thummel v. King,* 570–679, 687 (Mo. banc 1978).