**Jami Marie (Racer) DRURY.**
Petitioner/Respondent,

v.

**David Lee RACER,**
Respondent/Appellant.

No. ED 76828.

Missouri Court of Appeals,
Eastern District,
Southern Division.

May 16, 2000.

Carl D. Kinsky, Ste. Genevieve, for appellant.

Eric C. Harris, Park Hills, for respondents.

MARY RHODES RUSSELL, C.J.

David Racer ("father") appeals the trial court's judgment increasing his child support obligation to include the costs of private school and requiring him to retroactively pay a portion of his child's private school expenses. We find the trial court erred in increasing father's child support obligation in that mother failed to prove that private schooling met any particular educational needs of the child. Accordingly, we reverse and remand.

Father and Jami Racer Drury ("mother") divorced in December 1992. Mother was awarded primary physical custody of their three-year old child, while father was granted temporary custody and visitation rights. Father was ordered to pay $76 per week as child support. The divorce decree, which incorporated the parties' separation agreement, stated, "[Mother] agrees that she will confer with [father] on major issues regarding the health, education and welfare of the child." The decree further provided, "The parties agree to split the cost/expenses of primary and secondary education for the minor child...."

Mother, who is Roman Catholic, enrolled the child in a parochial primary school in 1995. Father, who is not Roman Catholic, was not informed of this decision prior to enrollment.

In July 1996 father filed a Motion to Modify and Motion for Contempt. He claimed mother was interfering with the exercise of his visitation rights. He also sought increased visitation.

Mother filed a First Amended Counter–Motion to Modify and Counter–Motion for Contempt on August 12, 1997. She sought, among other forms of relief, to have father's visitation rights restricted and an order holding father in contempt

for not paying one-half of the child's primary school expenses.

Father later filed a First Amended Motion to Modify. He requested either an order eliminating the requirement that he pay any portion of the "cost/expenses of primary ... education" or an order clarifying what those terms meant.

In May 1998 mother filed her Second Amended Counter–Motion to Modify, Motion for Declaratory Judgment, and Motion for Contempt. She requested, among other forms of relief, that father pay one-half the costs of parochial schooling. She also sought, for the first time, an increase in child support.

The trial court dismissed mother's Motion for Declaratory Judgment and Motion for Contempt. The case proceeded on father's First Amended Motion to Modify and mother's Second Amended Counter–Motion to Modify.

In its judgment, the trial court increased father's child support obligation to $390 per month, effective September 1, 1999. This amount was calculated by including the cost of parochial school. The trial court also ordered father to pay $325 per month in child support from August 13, 1997 to September 1, 1999. This amount was calculated without any parochial school expenses. Father was ordered to pay any arrearages during this period at the rate of $60 per month until paid in full.[1] Finally, the trial court ordered father to pay one-half of the parochial school expenses from the fall of 1997 until the Spring of 1999 in the amount of $1,241. This appeal followed.

Our standard of review is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will sustain the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or un-

less it erroneously declares or applies the law. *Id.* at 32.

In his first point, father argues the trial court erred in increasing his child support obligation to include the costs of parochial school in that his child has no particular educational needs that cannot be met at a public school.

A child's educational need is a relevant factor that the trial court may consider in awarding child support. *In re Marriage of Glueck*, 913 S.W.2d 951, 955 (Mo.App.1996). The cost of a private school may be a valid item of support. *Id.* The decision to increase child support that requires the noncustodial parent to pay a portion of private school tuition rests within the sound discretion of the trial court. *Id.* We will defer to that court's judgment unless the evidence is palpably insufficient to support it. *Id.*

The fact that a parent did not agree to send a child to private school or does not want to pay for private school is not by itself enough to deny child support for educational expenses. *Shiflett v. Shiflett*, 954 S.W.2d 489, 494 (Mo.App.1997). A parent's lack of willingness to pay is, however, a relevant factor. *Id.* at 495. The test for determining when a court should order private schooling over the wishes of one parent is when such schooling will meet the particular educational needs of the child. *Id.*

At the hearing, mother testified as to her reasons for enrolling the child in the particular parochial school she chose. The foremost reason was so her child could receive religious instruction in mother's religion which was not shared by father. In addition, mother had attended the same parochial school, and she wanted her child to have the same experience. Mother also mentioned the low student-teacher ratio at the parochial school, its effective discipline,

1. It is unclear why the trial court ordered father to pay arrearages during the August 1997 to September 1999 period. The evidence showed father was current on his child support obligations, and the $325 per month amount was actually *less* than what father was previously ordered to pay.

and its success in preparing students for college.

Mother admitted the child is a good student who would do well at any school. She also stated her child has no special educational needs. Finally, mother testified that the local public school is a "fine school," and not in any way educationally inferior to the parochial school. In fact, mother was to be employed in the local public schools as a teacher's aid.

In its findings of fact, the trial court specifically found that the child "does not have any 'special' educational needs that cannot be met in a public school."

Based on this evidence, we find mother has failed to prove that private schooling met any particular educational needs of her child. *See Schmidt v. Schmidt*, 949 S.W.2d 117, 120–21 (Mo.App.1997); *Dachsteiner v. Dachsteiner*, 894 S.W.2d 248, 251–52 (Mo.App.1995). As a result, the trial court erred in ordering father to pay one-half of the parochial school expenses.

Mother's reliance on *Garner v. Garner*, 973 S.W.2d 513 (Mo.App.1998) and *Leslie v. Leslie*, 948 S.W.2d 458 (Mo.App.1997) is misplaced, as they are distinguishable from the instant case. In *Garner*, the mother provided detailed reasons for enrolling her children in a particular single-sex private school. One of the main reasons was the specialized athletic program through which the children could acquire college scholarships. In *Leslie*, evidence was presented that the public school environment was particularly hostile to the child, and that the lack of air conditioning at the public school aggravated the child's asthma. The courts in both of these cases were able to find the children had particular needs that could not be met in a public school.

In this case, however, mother testified to no particular aspect of the curriculum at the parochial school, other than the religious instruction, that prompted her desire that the child attend the private school. More importantly, mother stated the local public school was in no way academically inferior to the parochial school.

■ Mother points out that as the custodial parent, she was in the best position to determine the child's educational needs. We recognize that deference is given to the custodial parent with respect to the decision concerning education beyond that provided by the state system. *Schmidt*, 949 S.W.2d at 121. This principle, however, does not answer the question of who must pay for the education. In order to compel payment from father, mother must prove the parochial school meets the particular educational needs of the child. *See Shiflett*, 954 S.W.2d at 495. This she has failed to do. Point I is granted.

In his second point, father argues the trial court erred in increasing his child support obligation to include the costs of parochial school in that mother failed to show changed circumstances so substantial and continuing as to make the previous support award unreasonable.

■ A child support award is modifiable only if the movant shows changed circumstances so substantial and continuing as to make the terms of the original decree unreasonable. *Killian v. Grindstaff*, 987 S.W.2d 497, 499 (Mo.App.1999); section 452.370.1 RSMo (Cum.Supp.1999). The burden of proof is on the party seeking modification, and the change must be proven by detailed evidence. *Killian*, 987 S.W.2d at 499. A prima facie showing of such changed circumstances is made if there has been a change of twenty percent or more in the child support amount since the prior decree. *Id.*

■ We have previously determined mother is not entitled to the inclusion of the child's parochial school expenses in determining father's child support responsibility. The trial court completed its own Form 14, calculating the presumed child support amount without including the private school expenses. In its calculation, the trial court utilized the same figures as did mother for the parties' monthly gross

incomes and adjusted gross incomes. Based on those amounts, the trial court determined that the presumed child support amount was $325 per month, which was four dollars *less* than what father is currently obligated to pay. As a result, we find mother has failed to show she is entitled to any increase of child support. Point II is granted.

In his third point, father argues the trial court erred in ordering him to pay a portion of his child's parochial school expenses retroactive to the fall of 1997 and the spring of 1998 because those costs were incurred prior to when mother's motion to modify the child support was served in May 1998.

We have previously determined that it was error for the trial court to increase father's child support obligation in order to pay the child's parochial school expenses in that mother failed to prove the school met any particular educational needs of the child. Of necessity, the trial court should not have ordered father to pay a portion of those expenses retroactively. Point III is granted.

The judgment of the trial court is reversed. The case is remanded for further proceedings consistent with this opinion.

RICHARD B. TEITELMAN, J., and LAWRENCE E. MOONEY, J., concur.

