**Kenneth D. GOINS, Appellant,**

v.

**Lori D. GOINS, Respondent.**

**No. ED 88121.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 13, 2007.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 12, 2007.

Application for Transfer Denied
June 26, 2007.

Kenneth D. Goins, St. Louis, pro se.

Jeanne M. Fox, St. Louis, MO, for respondent.

Before CLIFFORD H. AHRENS, P.J., MARY K. HOFF, J., and NANNETTE A. BAKER, J.

OPINION

PER CURIAM.

Kenneth D. Goins (Father) appeals from the trial court's judgment modifying a judgment of dissolution of marriage previously entered by the trial court, which dissolved Father's marriage to Lori D. Goins (Mother).[1] Father raises eleven points on appeal. In his fourth point on appeal, Father argues the trial court erred in ordering Father to pay fifty percent of the costs each year for the parties' second child to attend a private or parochial high school. In his fifth and sixth points on appeal, Father argues the trial court erred in awarding attorney's fees to Mother. We reverse the trial court's judgment regarding the payment of costs for the parties' second child to attend a private or parochial high school, and we affirm as modified the trial court's award of attorney's fees.

With respect to Father's remaining points on appeal regarding the calculation of child support and the award of maintenance, we have reviewed the briefs of the parties and the record on appeal, and we find no trial court error. We affirm the remainder of the judgment pursuant to Missouri Rule of Civil Procedure 84.16(b). An extended opinion as to those points would have no precedential value. We have, however, provided a memorandum setting forth the reasons for our decision to the parties for their use only.

*Factual and Procedural Background*

Father and Mother were married in August 1986, separated in October 2000, and divorced in October 2003. Three children were born of the marriage, in 1991, 1992, and 2002.[2] The trial court entered a judgment of dissolution of marriage (Dissolu-

1. Mother's Motion to Dismiss [Father's] Brief is denied.

2. The parties' third child was born during the parties' separation.

tion Judgment), which incorporated by reference a separation agreement (Agreement) entered into by the parties.

In May 2005, Father filed a motion to modify, subsequently amended, requesting the trial court to decrease Father's child support and maintenance obligations due to a decrease in his income and an increase in Mother's income. Mother later filed a countermotion to modify requesting the trial court to increase Father's child support obligation by eliminating the visitation adjustment for Father from the calculation of the presumed child support amount and to award attorney's fees to Mother. Mother also filed a motion to determine amounts due under the Dissolution Judgment for unpaid child support and maintenance.

In February 2006, after a hearing, the trial court entered a judgment modifying the Dissolution Judgment (Modification Judgment). The court ordered each party to pay directly to the educational institution fifty percent of the costs each year for the parties' second child to attend a private or parochial high school. The court further ordered Father to pay to Mother's attorney "in the nature of support for [Mother]" attorney's fees in the amount of $4,000. Up to the hearing, Wife had incurred $4,485 in attorney's fees. In its Form 14 calculation, the court did not include a visitation adjustment for Father because he had not exercised overnight visitation with the parties' children since at least June 2005. The court also ordered Father to pay to Mother $24,300 in arrearages for child support and maintenance. Father appeals from the Modification Judgment.

*Discussion*

In his fourth point on appeal, Father argues that the trial court erred in ordering Father to pay fifty percent of the costs each year for the parties' second child to attend a private or parochial high school without evidence of any special or extraordinary need that necessitated such a high school.

 To compel a parent to pay for private or parochial schooling for a child, it must be shown that such schooling will meet the particular educational needs of the child. *Drury v. Racer,* 17 S.W.3d 608, 611 (Mo.App. E.D.2000).

Mother testified that the parties' second child, who at the time of trial was in the eighth grade at St. Louis Charter School, where there was no charge for her to attend, would attend either Metro High School or Cardinal Ritter College Preparatory High School (Cardinal Ritter). Mother also testified that prior to the divorce, the parties had discussed the high school education of their two oldest children, and it was agreed that their oldest child would attend Cardinal Ritter, and it was assumed that their second child would attend the same school as her sibling because they had always been together.[3] At the time of trial, the parties' oldest child was a freshman at Cardinal Ritter, and Mother was paying about $458 in monthly tuition. Mother testified that she might sell the marital house to pay for the parties' oldest child to attend Cardinal Ritter.

 The trial court made no finding that any particular educational needs of the parties' second child would be met by attending a private or parochial high school. A review of the record also reveals no evidence to support such a find-

3. We note that this testimony was in response to questions by the trial court; thus, Father did not object.

ing. Further, we cannot conclude from the record that the parties had an agreement for their second child to attend a private or parochial high school. Therefore, the trial court erred in ordering Father to pay fifty percent of the costs each year for the parties' second child to attend a private or parochial high school. Accordingly, we reverse the Modification Judgment as to that portion ordering each party to pay directly to the educational institution fifty percent of the costs each year for the parties' second child to attend a private or parochial high school.

■ We combine Father's fifth and sixth points for our analysis as they both relate to the award of attorney's fees. In his fifth point on appeal, Father argues that the trial court erred in awarding attorney's fees to Mother because the court granted Father's modification and denied Mother's motion to increase, Mother's attorney expended no additional or unnecessary time or services due to Father's actions, and the award, ordering Father to pay 89 percent of Mother's attorney's fees, was illogical and shocks one's sense of justice. In his sixth point on appeal, Father argues that the trial court exceeded its jurisdiction in awarding attorney's fees to Mother "in the nature of support" because the court granted Father's modification, denied Mother's motion to increase, found that Mother was capable of paying her own attorney's fees, and Mother's attorney expended no additional or unnecessary time or services due to Father's actions.

■ Section 452.355.1 authorizes the trial court to award attorney's fees in a dissolution proceeding after considering all relevant factors. The trial court has broad discretion to award attorney's fees in a dissolution proceeding, and an award of attorney's fees is presumed to be correct on appeal. *Abbott v. Perez,* 140 S.W.3d

283, 296 (Mo.App. E.D.2004). We will only reverse an award of attorney's fees upon a showing of abuse of discretion. *Id.* To demonstrate an abuse of discretion, the complaining party must show the trial court's decision was against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice. *Id.*

Regarding attorney's fees, the trial court found:

Each party has sufficient funds to pay his or her own attorneys fees; however, [Father] has failed to comply with his obligations under the [Dissolution Judgment] for payment to [Mother] of support for the minor children and maintenance and support for herself and, as a result, caused [Mother] to incur unnecessary and additional attorneys fees. Consequently, [Father] shall contribute to payment of the attorneys fees of [Mother].

The Modification Judgment granted in part and denied in part Father's motion to modify. Although the Modification Judgment denied Mother's motion to modify, the trial court did eliminate the visitation adjustment for Father from the calculation of the presumed child support amount as Mother requested. Also, the Modification Judgment granted Mother's motion to determine amounts due, and the trial court determined Father to be $24,300 in arrears for child support and maintenance. Under these circumstances, the trial court's award of attorney's fees was not against the logic of the circumstances and not so arbitrary and unreasonable as to shock one's sense of justice. Therefore, the trial court did not abuse its discretion in its award of attorney's fees.

■ Nonetheless, an award of attorney's fees is separate from and should not be considered as maintenance. *In re Mar-*

*riage of Zavadil,* 806 S.W.2d 506, 513 (Mo. App. E.D.1991). Therefore, under Rule 84.14, we modify the Modification Judgment by deleting the trial court's statement "in the nature of support for [Mother]" used in the court's award of attorney's fees.

### Conclusion

The judgment of the trial court is affirmed in part, affirmed as modified in part, and reversed in part.